IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>            Plaintiff,<br><br>v.<br><br>AIR SERV,<br><br>            Defendant. | **REPORT AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON JUDICIAL ESTOPPEL (ECF NO. 95)**<br><br>Case No. 2:13-cv-00067-DAK-EJF<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Air Serv moves the Court[1] for summary judgment on pro se Plaintiff Sonia Ordonez's claims against Air Serv. (Def.'s Mot. for Summ. J. ("Mot."), ECF No. 95.) Ms. Ordonez alleges five causes of action, including sexual and racial discrimination, sexual and racial harassment, and retaliation. (See Am. Compl. ¶¶ 20–45, ECF No. 27.) Air Serv argues this Court should grant its Motion because judicial estoppel bars Ms. Ordonez's action against it, and, alternatively, no genuine disputes of material fact exist, and the Court should enter judgment as a matter of law for Air Serv on each of Ms. Ordonez's claims. For the sake of expediency, the undersigned splits its report and recommendation in two. In this report and recommendation, the undersigned RECOMMENDS the District Judge deny Air Serv's Motion for Summary Judgment because the equities of the matter disfavor finding judicial estoppel bars Ms. Ordonez's

---

[1] On February 1, 2013, District Judge Dale A. Kimball referred this case to the undersigned Magistrate Judge under 28 U.S.C. § 636(b)(1)(B). (ECF No. 5.)

claims. The undersigned will address Air Serv's arguments regarding summary judgment on the undisputed facts by separate report and recommendation.

## I. LEGAL STANDARD

Under Rule 56(a) of the Federal Rules of Civil Procedure, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The parties do not dispute the facts relevant to the judicial estoppel determination.

## II. FACTUAL AND PROCEDURAL HISTORY

Air Serv employed Ms. Ordonez as a ramp agent at the Salt Lake City International Airport from September 22, 2006 through January 9, 2009. (Ordonez Dep., Ex. 3 36:4–12, ECF No. 96-3; Pl.'s Opp'n to Mot. for Def.'s Summ. J. (Opp'n) 3, ECF No. 117.) In October 2008, Ms. Ordonez filed a charge of discrimination with the Utah Anti-Discrimination & Labor Division (UALD) and the Equal Employment Opportunity Commission (EEOC), alleging, "I have been discriminated against because of my sex/female – sexual harassment, race/Mexican & national origin/Mexico, and retaliation for reporting and complaining of sexual harassment." (Charge of Discrimination, Ex. 13, ECF No. 96-13; Opp'n 6, ECF No. 117.) In early January 2009, Air Serv terminated Ms. Ordonez. (Investigation Notes, Ex. 11, ECF No. 96-11; Opp'n 18-20, ECF No. 117.)

On December 21, 2010, while her charge of discrimination remained pending with the UALD and EEOC, Ms. Ordonez filed for Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Utah. (Pl.'s Bankr. Pet., Ex. 15, ECF No. 96-

15; Opp'n 6, ECF No. 117.) Ms. Ordonez retained a bankruptcy petition preparer to assist her with filing for bankruptcy. (Decl. & Sig. of Non-Attny Bankr. Pet. Preparer, Ex. 19, ECF No. 117; Pl.'s Bankr. Aff., Ex. 2, ECF No. 117.) On December 30, 2010, Ms. Ordonez filed her statement of financial affairs and failed to disclose her pending administrative claims against Air Serv. (Statement of Financial Affairs, Ex. 16, ECF No. 96-16 at 4; Pl.'s Bankr. Aff., Ex. 2, ECF No. 117.) The form specifically states, "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Statement of Financial Affairs, Ex. 16, ECF No. 96-16 at 4.) On October 12, 2011, the bankruptcy court discharged Ms. Ordonez's debts. (Discharge of Debtor, Ex. 17, ECF No. 96-17; Pl.'s Bankr. Aff., Ex. 2, ECF No. 117.)

In October 26, 2012, the EEOC issued Ms. Ordonez a right to sue letter. In January 2013, Ms. Ordonez filed the immediate action against Air Serv. (Compl. 8, ECF No. 3.) On July 26, 2013, Ms. Ordonez filed an Amended Complaint, seeking over $100,000.00 in compensatory damages, punitive damages, interest, and an award of attorney's fees, litigation expenses, and other costs. (Am. Compl. 7–8, ECF No. 27.)

In 2014, the bankruptcy court closed Ms. Ordonez's bankruptcy case. (Pl.'s Bankr. Aff., Ex. 2, ECF No. 117.)

On June 19, 2017, as soon as she became aware of the problem, Ms. Ordonez sought to reopen her bankruptcy to correct her omission. (Pl.'s Bankr. Aff., Ex. 2, ECF No. 117.) The undersigned takes judicial notice[2] of the Bankruptcy Court's Order

---

[2] Federal Rule of Evidence 201 allows federal courts to take judicial notice of adjudicative facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(a), (b)(2). "Adjudicative

reopening the bankruptcy case.  (In re: Ordonez; No. 10-37596, Order Granting Mot. to Reopen Case, ECF No. 51 (Bankr. D. Utah July 27, 2017).)  The undersigned further takes notice that English is Ms. Ordonez's second language based on its own observations and Ms. Ordonez's representations to the Court.  (Mot. to Request an Interpreter, ECF No. 75.)

### III.  DISCUSSION

Air Serv argues this Court should apply judicial estoppel and dismiss Ms. Ordonez's action against Air Serv because Ms. Ordonez failed to disclose her pending EEOC claim when, in 2010, she filed for Chapter 7 bankruptcy.  (Mot. 21, ECF No. 95.) Ms. Ordonez counters that the omission reflects an unintentional mistake.  (Opp'n 6-8, ECF No. 117.)  Specifically, Ms. Ordonez did not know of the legal requirement to disclose her EEOC claim; the bankruptcy petition preparer who helped file her bankruptcy petition did not tell her she had to disclose any claims; and as soon as she became aware of the omission, Ms. Ordonez reopened and amended her bankruptcy petition to reflect her pending claims.  (Opp'n 6–8, ECF No. 117.)

Judicial estoppel "'protect[s] the integrity of the judicial process' by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment' . . . . [and] 'prevent[s] improper use of judicial machinery.'"  New Hampshire v. Maine,

---

facts are simply the facts of the particular case."  Fed. R. Evid. 201(a) Advisory Committee Note 1972 Proposed Rules.  "'They relate to the parties, their activities, their properties, their businesses.'"  Id. (quoting 2 Administrative Law Treatise 353 (1958)). "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue."  St. Louis Baptist Temple, Inc. v. FDIC, 605 F.2d 1169, 1172 (10th Cir. 1979) (citations omitted).  Further, Rule 201 authorizes federal courts to take judicial notice of adjudicative facts sua sponte.  Fed. R. Evid. 201(c)(1); Zimomra v. Alamo Rent-A-Car, Inc., 111 F.3d 1495, 1503 (10th Cir. 1997) (noting federal courts may take judicial notice "in the absence of a request of a party").

532 U.S. 742, 749–750 (2001) (quoting Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598 (6th Cir. 1982). Accordingly, "judicial estoppel 'is an equitable doctrine invoked by a court at its discretion.'" Id. at 750 (quoting Russell v. Rolfs, 893 F.2d 1033, 1037 (9th Cir. 1990). A court considers three factors when deciding whether to apply judicial estoppel.

> First, a party's subsequent position must be "clearly inconsistent" with its former position. Next, a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled[.]" Finally, the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

Eastman v. Union Pac. R. Co., 493 F.3d 1151, 1156 (10th Cir. 2007) (alteration in original) (quoting New Hampshire, 532 U.S. at 751).

These three factors do not constitute "an exhaustive formula for determining the applicability of judicial estoppel." New Hampshire, 532 U.S. at 751. "Additional considerations may inform the doctrine's application in specific factual contexts." Id. Specifically, courts may "resist application of judicial estoppel 'when a party's prior position was based on inadvertence or mistake.'" Id. at 753 (quoting John S. Clark Co. v. Faggert & Frieden, P.C., 65 F.3d 26, 29 (4th Cir. 1995)). Generally, a court may find inadvertence or mistake when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." Eastman, 493 F.3d at 1157. However, "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at time sub silentio, infer deliberate manipulation." Id.

As to the standard factors Ms. Ordonez adopted an inconsistent position before the bankruptcy court when she represented she did not have any administrative

proceedings, lawsuits, or other claims for damages as she pursued her claim with UALD.  Second, Ms. Ordonez succeeded in persuading the bankruptcy court to adopt her inconsistent position when it proceeded as if no legal claims existed and granted Ms. Ordonez a discharge of her debts.  Finally, Ms. Ordonez would not gain an unfair advantage if not estopped from pursuing her action against Air Serv because she has reopened her bankruptcy.  Thus, any award Ms. Ordonez receives will go through her bankruptcy estate, and she will not benefit from her failure to disclose.

      Considering, Ms. Ordonez's lack of knowledge and motive to conceal, the undersigned find the equities tip in Ms. Ordonez's favor.  Without question, in October 2008, Ms. Ordonez knew she had filed a UALD claim.  Over two years later, she filed for bankruptcy.  The UALD investigation remained ongoing, and, on October 26, 2012, the EEOC issued, at Ms. Ordonez's request, a right to sue letter almost two years after the bankruptcy.  The language of the question states:  "List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case." (Statement of Financial Affairs, Ex. 16, ECF No. 96-16 at 4.)  Because Ms. Ordonez is not a native English speaker the Court can understand how she might have misconstrued the request as not calling for the disclosure of her EEOC claim, which she had filed two years earlier.  Ms. Ordonez was not at that time a seasoned participant in legal cases.  Hence, the undersigned finds Ms. Ordonez did not know of her obligation to disclose the claim.

      Ms. Ordonez indicates the bankruptcy petition preparer who filed her bankruptcy application did not alert her of her legal obligation to state all of her pending legal causes of action, which caused her unintentional omission.  (Pl.'s Bankr. Aff., Ex. 2, ECF

No. 117 at 57; Decl. & Sig. of Non-Atty Bankr. Pet. Preparer, Ex. 19, ECF No. 117.) The Tenth Circuit explicitly rejected "a plaintiff's attempt to claim inadvertence or mistake and place the blame on his bankruptcy attorney" for failing to disclose causes of action. See Queen v. TA Operating, LLC, 734 F.3d 1081, 1094 (10th Cir. 2013) (citing Eastman, 493 F.3d at 1157). However, a bankruptcy petition preparer is not an attorney and may not provide legal advice. (Notice to Debtor by Non-Atty Bankr. Pet. Preparer, Ex. 19, ECF No. 117.) Indeed a bankruptcy petition preparer cannot tell a petitioner what assets she needs to include on her petition. See, In re: Monson, 522 B.R. 340, 349 (Bankr. D. Utah 2014) (noting prohibition's breadth includes "'[v]irtually any exercise of discretion about what to include or not include in the bankruptcy documents,'" (quoting In re: Hennerman, 351 B.R. 143, 152 (Bankr. D. Colo. 2006))). This prohibition supports Ms. Ordonez's testimony that she did not know of her obligation to disclose the EEOC claim. In this way as well, Ms. Ordonez differs from the petitioner in Queen who had advice of counsel. See Queen, 734 F.3d at 1093-94.

In addition, Ms. Ordonez sought to remedy her nondisclosure promptly. The Tenth Circuit has repeatedly affirmed district courts' application of judicial estoppel when the bankruptcy proceedings have closed, reasoning that

> Allowing [the party] to "back up" and benefit from the reopening of his bankruptcy only after his omission has been exposed would "suggest[ ] that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets."

Eastman, 493 F.3d at 1160. In this case, Ms. Ordonez's proceedings had closed and the court discharged her debts almost six years ago. However, Ms. Ordonez successfully reopened her bankruptcy case; thus her creditors will not suffer any harm.

Indeed, estopping Ms. Ordonez's claims in this case could hurt her creditors. By contrast the attorneys in Queen, after disclosure continued to take inconsistent positions about the value and nature of the claim in the district court and the bankruptcy court. 734 F.3d at 1088-89. Ms. Ordonez has only attempted to resolve the matter. Additionally, she has demonstrated an interest in repaying her creditors prior to the failing coming to light. (Letter Ordonez to Jeffs, Dec. 4, 2015, Ex. 26, ECF No. 117.) Furthermore, in Queen and Eastman the court directed the plaintiffs to seek relief from their attorneys through malpractice actions. Queen, 734 F.3d at 1094; Eastman, 493 F.3d at 1157. Because Ms. Ordonez did not have a bankruptcy attorney, she has no malpractice claim.

The undersigned finds that under the facts of these cases, Ms. Ordonez did not have the motive to conceal her EEOC claim and did not have knowledge of her obligation to disclose. See, accord, Hanley v. Tricelto. Corp, No. 13-cv-1667-KLM, 2014 WL 4212719 (D. Colo. Aug. 26, 2014) (unpublished).

> As in Archuleta, here, "[t]he harsh results that would follow from application of judicial estoppel in this instance require [the Court] to proceed with extreme caution." Archuleta [v. Wagner, No. 06-cv-02061-LTB], 2007 WL 3119615, at *6 [(D. Colo. Oct. 22, 2007)]. Not only would Plaintiff be estopped from pursuing her claims against Defendant, her creditors would also be estopped from obtaining additional amounts based on any recovery in this case. Keeping in mind that the "purpose [of judicial estoppel] is to protect the integrity of the judicial process," New Hampshire, 532 U.S. at 749 (internal quotation marks and citation omitted), and that "judicial estoppel is an equitable doctrine invoked by a court at its discretion," id. at 750 (internal quotation marks and citation omitted), the Court finds that Plaintiff should not be judicially estopped from pursuing her claims against Defendant in this case because her nondisclosure was inadvertent.

Id. at *7. For all of these reasons, the undersigned finds that the equities in this case weigh against judicial estoppel. Therefore, the undersigned RECOMMENDS the District

Judge decline to apply judicial estoppel to bar Ms. Ordonez's claims and deny that portion of the Motion for Summary Judgment.

DATED this 8th day of September 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge