# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>      Plaintiff,<br><br>v.<br><br>AIR SERV CORPORATION,<br><br>      Defendant. | **MEMORANDUM DECISION AND ORDER OVERRULING REPORT & RECOMMENDATION AND GRANTING SUMMARY JUDGMENT**<br><br>Case No. 2:13CV67DAK<br><br>**Judge Dale A. Kimball** |

  This case was referred to Magistrate Judge Evelyn Furse under 28 U.S.C. § 636(b)(1)(B). On September 8, 2017, Magistrate Judge Furse issued a Report and Recommendation, recommending that the court deny Defendant's Motion for Summary Judgment because the equities of the matter disfavor a finding that judicial estoppel bars Ordonez's claims. Magistrate Judge Furse did not address Air Serv's remaining claims for summary judgment. On September 22, 2017, Air Serv objected to the Report and Recommendation. Plaintiff did not file a reply. However, the time for doing so has passed and the court considers the matter fully briefed.

  A Magistrate Judge's Report and Recommendation is subject to *de novo* review by this court. *See* 28 U.S.C. § 636(b)(1)(B); *see also* Fed. R. Civ. P. 72(b). The court has reviewed the record *de novo* with respect to the present motion.

The parties do not dispute that Ordonez failed to disclose her claims against Air Serv in a personal bankruptcy she filed in 2010 while her administrative charge against Air Serv was pending with the EEOC. Ordonez's debts were fully discharged on October 14, 2011, and the Bankruptcy Court closed Ordonez's bankruptcy case in 2014. *In re: Sonia Ordonez*, case 10-37596.

Three months after Air Serv filed its motion for summary judgment on judicial estoppel grounds, Ordonez petitioned to reopen her bankruptcy case. On July 27, 2017, the Bankruptcy Court reopened the case. Since that time, Ordonez had not amended any of her bankruptcy filings and has filed a motion to convert her bankruptcy from Chapter 7 to Chapter 13. This conversion will prevent the Chapter 7 bankruptcy trustee from realizing value through the claims in this case and from paying the proceeds to creditors.

As Magistrate Judge Furse recognized, judicial estoppel "'protect[s] the integrity of the judicial process' by 'prohibiting parties from deliberately changing positions according to the exigencies of the moment' . . . . [and] 'prevent[s] improper use of judicial machinery.'" *New Hampshire v. Maine*, 532 U.S. 742, 749-50 (2001). The Tenth Circuit has identified three factors for courts to consider when deciding whether to apply judicial estoppel:

> First, a party's subsequent position must be "clearly inconsistent" with its former position. Next a court should inquire whether the suspect party succeeded in persuading a court to accept that party's former position, "so that judicial acceptance of an inconsistent position in a later proceeding would create the perception that either the first or the second court was misled.[]" Finally the court should inquire whether the party seeking to assert an inconsistent position would gain an unfair advantage in the litigation if not estopped.

*Eastman v. Union Pac. R. Co.*, 493 F.3d 1151, 1156 (10th Cir. 2007) (citation omitted). A court

may find inadvertence or mistake when "the debtor either lacks knowledge of the undisclosed claims or has no motive for their concealment." *Id.* at 1157. However, "[w]here a debtor has both knowledge of the claims and a motive to conceal them, courts routinely, albeit at time *sub silentio*, infer deliberate manipulation." *Id.*

The court agrees with Magistrate Judge Furse's findings that Ordonez adopted an inconsistent position before the bankruptcy court when she represented that she did not have any administrative claims and that Ordonez succeeded in persuading the bankruptcy Court to adopt her position when it proceeded to discharge her debts without knowledge of her administrative claim against Air Serv.

However, the court disagrees with the finding that Ordonez would not gain an unfair advantage if not estopped from pursuing her action against Air Serv because she has reopened her bankruptcy. Ordonez filed her EEOC claims and knew of their existence at the time of her bankruptcy. Even if she did not understand the full import of their legal significance, she knew of their existence. It is generally recognized that bankruptcy filers, like Ordonez, have a motive to sweep pending or potential claims under the rug in order to "obtain a discharge free and clear." *Id.* at 1157. "[I]t was to their benefit to conceal the claim so that they could receive a full discharge in bankruptcy before proceeding with the lawsuit, because this would allow them to pursue an award for damages without the risk that any of the award would go to their creditors." *Queen v. TA Operating, LLC*, 734 F.3d 1081 (10th Cir. 2013).

Tenth Circuit precedent holds that a party should not be allowed to "back up and benefit from the reopening of [her] bankruptcy only after [her] omission had been exposed." *Eastman*,

3

493 F.3d at 1160. If a party could do so, it "would suggest [] that a debtor should consider disclosing potential assets only if he is caught concealing them. This so-called remedy would only diminish the necessary incentive to provide the bankruptcy court with a truthful disclosure of the debtor's assets." *Id.* The purpose of judicial estoppel in these circumstances is to prevent "a perception that the bankruptcy court was misled." *Queen*, 734 F.3d at 1091.

The Report and Recommendation cites to *Hanley v. Trizetto Corp.*, No. 13-CV-01667-KLM, 2014 WL 4212719, at *1 (D. Colo. Aug. 26, 2014) in support of its conclusion that Ordonez did not have a motive to conceal her EEOC claim, did not have knowledge of her obligation to disclose her claim to the Bankruptcy Court, and that the equities in the case weigh against judicial estoppel. However, there are striking difference between this case and *Hanley*. In *Hanley*, the plaintiff sought to reopen her bankruptcy before the defendant raised the issue and the plaintiff entered into an agreement with the bankruptcy trustee to pay $25,000 into the estate at the time of the agreement and to forfeit ten percent of her net recovery to the estate in exchange for the right to pursue the lawsuit.

In this case, Ordonez did not attempt to reopen her bankruptcy until after Air Serv exposed her misrepresentations, she did not amend her bankruptcy filings, and she moved to convert her Chapter 7 case to a Chapter 13 case, which will harm rather than help her creditors. Plaintiff has not done anything like the plaintiff in *Hanley* to work out an agreement with the bankruptcy trustee. Rather, Ordonez continues to take actions to receive the maximum potential benefit. These actions demonstrate her knowledge and understanding of the system as well as her motives for taking such actions throughout the proceedings. The court cannot excuse such

4

conduct merely because Ordonez is a *pro se* litigant. The court concludes that Tenth Circuit precedent directs the application of judicial estoppel in this type of case.

Based on the above reasoning, the court refuses to adopt the Report and Recommendation and grants Defendant Air Serv's motion for summary judgment on judicial estoppel grounds. Plaintiff's claims against Air Serv are dismissed in their entirety. After Magistrate Judge Furse rules on the pending Motion for Reconsideration of Order on Sanction, the court will enter Judgment in favor of Air Serv.

DATED this 30th day of October, 2017.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge