IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>               Plaintiff,<br><br>v.<br><br>AIR SERV CORPORATION,<br><br>               Defendant. | **ORDER GRANTING IN PART, DENYING IN PART PLAINTIFF SONIA ORDONEZ'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER ON SANCTIONS [ECF NO. 104]**<br><br>Case No. 2:13-cv-00067-DAK<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Evelyn J. Furse |

Plaintiff Sonia Ordonez ("Ms. Ordonez") asks the Court to reconsider its March 27, 2017 Order Granting Defendant Air Serv Corporation's ("Air Serv") Motion for Attorneys' Fees, (ECF No. 94). (Pl.'s Mot. for Recons. on the Ct.'s Order on Sanctions ("Pl.'s Mot."), ECF No. 104.) Because Ms. Ordonez lacks the financial means to pay the sanctions ordered, the Court reduces the sanctions to $250.00, an amount the Court believes will deter Ms. Ordonez from failing to follow the Rules and Orders of the Court in the future without inflicting manifest injustice.

Courts generally disfavor motions for reconsideration. In re Grass Valley Holdings, L.P. v. Harward, No. 2:15-cv-556, 2016 WL 4444750, at *2 (D. Utah Aug. 22, 2016) (unpublished) (citing Warren v. Am. Bankers Ins., 507 F.3d 1239, 1243 (10th Cir. 2007)). District courts have considerable discretion in deciding whether to grant or deny a motion for reconsideration. GFF Corp. v. Associated Wholesale Grocers, Inc., 130 F.3d 1381, 1386 (10th Cir. 1997). In exercising this discretion, the Tenth Circuit recognized three grounds for granting reconsideration: "[1] an intervening change in the controlling law, [2] the availability of new

evidence, or [3] the need to correct clear error or prevent manifest injustice." Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995). A motion for reconsideration does not provide "a second opportunity for the losing party to make its strongest case or to rehash or expand on arguments that previously failed." Hammond v. Junction City, 168 F. Supp. 2d 1241, 1244 (D. Kan. 2001) (citing Sims v. Unified Gov't of Wyandotte Cty., 120 F. Supp. 2d 938, 965 (D. Kan. 2000); Voelkel v. Gen. Motors Corp., 846 F. Supp. 1482, 1483 (D. Kan. 1994)). Ms. Ordonez presents evidence sufficient to show that manifest injustice would result from the Court's prior order.

First, Ms. Ordonez does not argue that "an intervening change in the controlling law" has taken place. Brumark, 57 F.3d at 948. As such, the Court finds no basis for granting reconsideration based on a change of controlling law.

Second, Ms. Ordonez claims that "new evidence previously unavailable" justifies her request for reconsideration. (Pl.'s Mot. 1, ECF No. 104.) Ms. Ordonez refers repeatedly to "new evidence" throughout her Motion for Reconsideration, (ECF No. 104), and Affidavit in Support of Reconsideration, (ECF No. 106). (See, e.g., Pl.'s Mot. 1, ECF No. 104; Pl.'s Aff. in Supp. of Recons. of the Ct.'s Order on Sanctions 2, ECF No. 106.) Specifically, Ms. Ordonez points to Air Serv's obtaining of her medical records beyond the ten years authorized by this Court. (Pl.'s Mot. 2-3, ECF No. 104.) Air Serv appears to have obtained records beyond the time period authorized by the Court and then proceeded to use them without seeking further direction from the Court. (ECF No. 105 at 2, 4-5; 13-15.) If Air Serv's counsel acted alleged, it did so inappropriately. Nonetheless, Air Serv's failings do not excuse Ms. Ordonez's refusal to follow court orders. The Court, therefore, finds no justification for granting reconsideration based on previously unavailable evidence.

Third, Ms. Ordonez claims that the monetary sanctions imposed by the Court cause her to suffer manifest injustice because she holds significant debt and lives on a fixed income that does not allow her to meet her basic needs. As outlined in this Court's Order Granting Motion for Attorneys' Fees (ECF No. 94), Ms. Ordonez's actions have imposed significant costs on Defendant Air Serv. (Order 4-5, ECF No. 94.) The Court also found no sufficient justification for Ms. Ordonez's discovery delays. (Order 4-5, ECF No. 94.) Nevertheless, causing Ms. Ordonez to incur a debt that she could not hope to pay off for years to come seems excessive at this juncture and unjust.

The Court finds that Ms. Ordonez has met her burden of establishing manifest injustice. Therefore, the Court reduces the sanctions against Ms. Ordonez to $250 due to Air Serv.

DATED this 2d day of November 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge