# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>        Plaintiff,<br><br>v.<br><br>AIR SERV CORPORATION,<br><br>        Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION TO RECONSIDER**<br><br>**Case No. 2:13CV67DAK**<br><br>**Judge Dale A. Kimball** |

This matter is before the court on Plaintiff's Motion for Reconsideration of the Court's Memorandum Decision and Order Overruling Report & Recommendation. "A Rule 59(e) motion to alter or amend the judgment should be granted only to correct manifest errors of law or to present newly discovered evidence." *Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997) (citations omitted). A motion for reconsideration is an "inappropriate vehicle to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion. Absent extraordinary circumstances, . . . the basis for the second motion must not have been available at the time the first motion was filed." *Servants of the Paracletes v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). "When supplementing a Rule 59(e) motion with additional evidence, the movant must show either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover

-1-

the evidence." *Committee For the First Amendment v. Campbell*, 962 F.2d 1517 (10th Cir. 1992) (citations omitted). "It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paracletes*, 204 F.3d at 1012. A Rule 59(e) motion must be made upon grounds other than a mere disagreement with the court's decision and must do more than rehash a party's former arguments that were rejected by the court.

Plaintiff has not attempted to meet any of these standards. Ordonez merely re-argues her prior positions with respect to her bankruptcy. There is no new evidence that the court could rely on to revisit the judicial estoppel issue. In fact, the judicial estoppel issue has demonstrated that Ordonez is not the real party in interest in this lawsuit. Rather the bankruptcy trustee is the real party in interest. Ordonez's legal rights and interest in any pending claims were extinguished when she filed for bankruptcy and her rights transferred to the trustee. Defendant and the Trustee of Ordonez's bankruptcy estate have reached a settlement that has been approved by the Bankruptcy court. Ordonez's motion for reconsideration is moot and the court finds it to be without merit. Therefore, Ordonez's motion for reconsideration is DENIED.

DATED this 29th day of January, 2018.

BY THE COURT:

_____
DALE A. KIMBALL,
United States District Court Judge