# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| SONIA ORDONEZ,<br><br>                Plaintiff,<br><br>v.<br><br>AIR SERV CORPORATION,<br><br>                Defendant. | **MEMORANDUM DECISION**<br>**AND ORDER**<br><br>**Case No. 2:13CV67DAK**<br><br>**Judge Dale A. Kimball** |

       This case is before the court on Plaintiff's Motion for Stay Pending Appeal pursuant to Federal Rule of Appellate Procedure 8. Rule 8(a)(1) of the Federal Rules of Appellate Procedure provides that a party must ordinarily first move in the district court to obtain a stay of the judgment or order of a district court pending appeal. Fed. R. App. P. 8(a)(1). Rule 62 of the Federal Rules of Civil Procedure governs the district court's granting of a stay pending appeal. Rule 62(d) provides that an appealing party may obtain a stay on the execution of a judgment by posting a supersedeas bond. *See* Fed. R. Civ. P. 62(d).

       Rather than moving to stay the execution of a judgment pending appeal, Plaintiff seeks to stay all proceedings in this case. After the court entered Judgment in favor of Defendant, Defendant filed a Bill of Costs. Plaintiff seeks to stay the briefing and a decision on the Bill of Costs. The rules for a stay pending appeal are in place to stay an action once an amount owing is

known and a party seeks to have the collection of the amount stayed. In that situation, a party can receive a stay of execution on the judgment–which prevents collection of the amount owed–by posting a bond for the amount owing. *See Olcott v. Delaware Flood Co.*, 76 F.3d 1538, 1559 (10th Cit. 1996) ("The purpose of requiring a supersedeas bond pending appeal 'is to secure the judgment throughout the appeal process against the possibility of the judgment debtor's insolvency.'"). Typically a court sets the bond amount to cover the full judgment, including costs, interest, and damages for delay. *Strong v. Laubach*, 443 F.3d 1297, 1299 (10th Cir. 2006). The rule does not operate to prevent a court from considering typical post judgment proceedings, such as the imposition of costs.

The court concludes that there are no grounds for staying a decision on Defendant's pending Bill of Costs pending appeal. If Plaintiff needs additional time for objecting to Defendant's Bill of Costs, she can request the time she needs. However, a stay pending appeal is not appropriate in this situation. Therefore, Plaintiff's Motion for Stay Pending Appeal is DENIED.

DATED this 1st day of March, 2018.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge